### DUGGAR *v.* DUGGAR, superintendent, etc.

FISH, C. J. The petitioner, as a citizen and taxpayer of the County of Bryan, sought to have enjoined the collection of the county taxes levied for the year 1918, on the alleged ground that a portion of the four mills specified in item nine of the levy, viz., "to pay for the support of the chain-gang and for public roads of the county," was levied to pay the expense of the county chain-gang incurred in the working of the public streets in the City of Pembroke, an incorporated city, in that county. The petitioner alleged that the county had no authority to assess, levy, and collect taxes upon the property of the petitioner for the purpose of working and improving the roads and streets within the corporate limits of the City of Pembroke; and that the levy, which included the expense and cost of working the roads and streets within the corporate limits of the city during a specified portion of the year 1918, was excessive and illegal to the extent that it included such expense. The defendant, the superintendent of the county affairs, charged with the duty of levying taxes for county purposes, demurred and answered. In his answer he admitted that the levy was made, "but that the same was for the purpose as therein stated, for expenses

accruing in the year 1919; that the taxes for the year 1917 will pay, or nearly pay, the expenses of 1918." Upon the filing of the answer containing the averment above quoted, the plaintiff amended his petition by alleging: "1. That the levy set out in said petition is illegal in that (a) it is exorbitant; (b) it is unnecessary, because the taxes of the year 1917 will pay or nearly pay the expenses of 1918. 2. Said levy is further illegal in that it is not made for the year in which the expenses will be incurred, but is made in advance thereof. Wherefore he prays that said levy may be temporarily and perpetually enjoined and restrained." Upon the interlocutory hearing, and in support of the amendment to the petition, the plaintiff introduced in evidence the defendant's answer. There was no offer to amend the answer or to withdraw the averment therein, above quoted; and no evidence was introduced by the defendant upon the issues raised by the plaintiff's amendment to his petition. *Held:* Construing the defendant's answer most strongly against him, the plaintiff was entitled to the injunction prayed. The court therefore erred in refusing the same. *Judgment reversed. All the Justices concur.*

ˉNo. 1218. SEPTEMBER 3, 1919.

Petition for injunction. Before Judge Sheppard. Bryan superior court. October 28, 1918.

*George H. Richter,* for plaintiff.